IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:18CR695 |
| Plaintiff | * | |
| -vs- | * | JUDGE SARA LIOI |
| JARON JACKSON | * | MOTION TO SEVER COUNTS PURSUANT TO FED. R. CRIM. PROCEDURE 8 AND 14 |
| Defendant | * | |

\* \* \*

Now comes the Defendant, Jaron Jackson, by and through undersigned counsel, and respectfully requests that this Court sever Counts 1 - 6, 10 and 11 which involve drug violations from Counts 7 – 9 and 12 which involves firearms violations, as set forth in his superseding indictment, for purposes of trial in this matter. The basis for this request is more fully set forth in the below Memorandum.

Respectfully submitted,

*/S/ NATHAN A. RAY*
NATHAN A. RAY, 0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171 – 330-253-7174 (fax)
burdon-merlitti@neo.rr.com

MEMORANDUM

BACKGROUND

On February 6, 2019, a 12-count superseding indictment was filed against Mr. Jackson (R. #17, Superseding Indictment, PageID #52-58). Counts 1 - 6, 10 and 11 set forth a violation

1

of the federal drug code.[1]  Counts 7 – 9 and 12 set forth a violation of the federal firearm code.[2]  Mr. Jackson would request that the drug violations be separated from the firearm violations.

LAW AND ARGUMENT

Federal Rule of Criminal Procedure 8(a) permits joinder of two or more offenses "if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006).  The Sixth Circuit has noted that, whether joinder is proper under Rule 8(a) is determined by the allegations on the face of the indictment. *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997).

In *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002), the Court noted that "drugs and guns are frequently connected in particular criminal activities, which would permit joinder under the 'the same act or transaction' or the 'common scheme or plan' prongs of Rule 8(a)." The *Chavis* Court also noted that, in cases where firearms have been discovered along with evidence of a defendant's drug trafficking, "joinder of firearms and weapons charges has been approved due to the natural inferences that may be drawn from the contemporaneous possession of guns and drugs ... the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun." *Id*. [quoting *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995)].

However, it is Mr. Jackson's position that severance of the Counts set forth above is appropriate in this case as there is no association between the drugs and guns.  For example, Counts 1 and 2, drug violations, occurred on September 6, 2017.  Counts 3 and 4, drug

---

[1] Possession With the Intent to Distribute, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
[2] Counts 7, 9, and 12, Felon in Possession of Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Count 8, Selling Firearms Without a License, 18 U.S.C. §§ 922(a)(1)(A), 923(A) and 924(a)(1)(D).

violations, occurred on September 12, 2017. Count 5, drug violation, occurred on September 20, 2017. Count 6, drug violation and Counts 7 and 8, firearm violations, occurred on October 18, 2017. Count 9, a firearm violation, occurred on October 20, 2017. Counts 10 and 11, drug violations, occurred on November 1, 2017. And finally Count 12, a firearm violation, occurred on January 12, 2019. However, it is Mr. Jackson's position that but for the actions of the government he would never have sold the firearms, and will assert at trial the affirmative defense of entrapment. The Sixth Circuit has recognized that guns are tools of the drug trade, and that joinder can be appropriate when guns are used in connection with drug offenses or when both guns and drugs are uncovered in the same search. *Chavis*, 296 F.3d at 459. "In such circumstances, the possession of a firearm can be characterized as part of 'the same act or transaction' or as an act 'constituting part[ ] of a common scheme or plan' as the narcotics crime, because the firearm is an instrument used to accomplish narcotics trafficking." *Chavis*, 296 F.3d at 459 (citing *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001) (affirming joinder "under the theory that the firearms and the drugs were being used in pursuit of a common unlawful activity"). Here, the drugs and firearms were not part of the same act or transaction. Counts 1 – 5, 10 and 11 involved drugs but did not involve firearms. Counts 9 and 12 involved firearms but not drugs. The only counts involving the contemporaneous possession of both drugs and firearms were 6 – 8 which occurred on October 18, 2017, with the firearms being involved at the government's request. Here, the drugs and firearms were not used in connection with each other rather they were completely separate offenses. In *Chavis*, the Court recognized that joinder is not appropriate simply because the terms "drugs" and "guns" are invoked, there must still be logical and temporal connections drawn between the alleged offenses. *Id*. at 458. If there is to be any connection between the drugs and firearms counts set forth in the superseding

3

indictment, it would be based upon the government's request that Mr. Jackson sell the firearms. But for the government's actions this would be a possession with the intent to distribute drugs case.

Should this Court determine that joinder is appropriate pursuant to Fed. Rule of Crim. Proc. 8, pursuant to Fed. Rule of Crim. Proc. 14(a), it may order separate trials for a defendant facing a multi-count indictment if the "joinder of offenses ... appears to prejudice a defendant...." Rule 14 is "permissive, not mandatory." *United States v. James*, 496 Fed.Appx. 541, 546 (6th Cir. 2012). In determining whether a defendant will suffer prejudice, the Sixth Circuit has noted several factors for the district courts to consider, which include, "whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Dale*, 429 Fed.Appx. 576, 578 (6th Cir. 2011). Here, Mr. Jackson would assert that he would be prejudiced by the failure to order separate trials in this matter. The drugs and firearms, while contained in the same indictment, were not connected. The firearms were not being carried to protect the drugs rather they were purchased by the government at the request of the government. If these counts were to proceed to trial at the same time the jury would be left with the spillover evidence of both drugs and firearms, when in reality they were separate actions. The prejudice is compounded in this case by the fact that it was the actions of the government which even made this a gun case. To allow this case to go forward as both a drugs and firearms case would strengthen the government's case at trial by leaving the jury with the impression that it involved both drugs and firearms, which is factually incorrect. This case originated as a drug case, and

only became a firearms case at the government request.  The inferences that would be drawn by the jury from the possession of drugs and firearms would prejudice Mr. Jackson,

Finally, it is Mr. Jackson's position that, should this Court deny his motion based upon the separation as set forth above, he would request that this Court sever counts 1 – 11 from Count 12.  Counts 1 – 11 occurred between September and November, 2017.  Count 12 occurred January 12, 2019.  Given the length of time and delay between the counts and pursuant to Fed. R. Crim. Proc. 8(a) and 14(a), severance would be appropriate.

Based upon the foregoing, Mr. Jackson is requesting that this Court sever Counts for trial in this matter.

/S/ NATHAN A. RAY
NATHAN A. RAY
Attorney for Defendant

PROOF OF SERVICE

I hereby certify that on October 9, 2019, a copy of the foregoing Motion to Sever Counts was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/S/ NATHAN A. RAY
NATHAN A. RAY
Attorney for Defendant