UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR695 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JARON T. JACKSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 6, 2019, plaintiff United States of America (the "government") issued a superseding indictment charging defendant Jaron T. Jackson ("Jackson") with the following felony counts: eight counts of possession with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of selling firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); and three counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 17 (Superseding Indictment ["SI"]).) On October 9, 2019, Jackson moved to sever Counts 1–6, 10 and 11, which relate to the drug violations, from Counts 7–9 and 12, which contain the firearms violations. (Doc. No. 39 (Motion to Sever ["Mot."]).) The government opposes the motion. (Doc. No. 42 (Response in Opposition ["Opp'n"]).) The Court held a hearing on the motion on October 18, 2019, and, at the conclusion of the hearing, the Court took the matter under advisement.

I. **BACKGROUND**

According to the SI, eleven of the charged crimes are alleged to have occurred between

September 6, 2017 and November 1, 2017. (SI.) One of the felon in possession charges, Count 12, is alleged to have been committed on January 12, 2019. (*Id*. at 56.[1]) The charging instrument, itself, is succinct. Each count comprises a single factual paragraph containing the date and the nature of the offense. For example, Count 6 (a drug count) charges:

> On or about October 18, 2017, in the Northern District of Ohio, Eastern Division, Defendant JARON T. JACKSON, did knowingly and intentionally possess with intent to distribute and distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(SI ¶ 6.) Two paragraphs later, Count 8 (a firearm count) charges:

> From on or about October 18, 2017 to on or about October 20, 2017, in the Northern District of Ohio, Eastern Division, Defendant JARON T. JACKSON, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

(*Id*. ¶ 8.) The final two paragraphs of the SI seek forfeiture. (*Id*. ¶¶ 13–14.)

**II. DISCUSSION**

Jackson asserts that the drug offenses were misjoined with the weapon-related offenses. (Mot. at 206.) Joinder of offenses is permitted under Fed. R. Crim. P. 8(a) if the offenses are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) based on acts or transactions that are connected with, or constitute parts of, a common scheme or plan. *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009); *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006). Rule 8(a) is broadly construed in favor of joinder. *See United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (favoring broad construction of Rule 8(a) to promote judicial economy to the extent consistent with due process requirements). However, if joinder

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

does not comply with the requirements of Rule 8, the district court has "no discretion on the question of severance. Severance in such a case is mandatory." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982).

In the Sixth Circuit, unlike other circuits, "'[w]hether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment.'" *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011) (quoting *United States v. Chavis*, 296 F.3d 450, 456–57 (6th Cir. 2002)). In *Chavis*, the Sixth Circuit instructed district courts reviewing an indictment charging gun and drug offenses to consider a variety of factors, including temporal proximity, whether the offenses were part of a single overarching criminal scheme, whether the guns charged in the firearms offenses were used in the drug offense, and whether the indictment alleged in any way that the firearm and drug charges were related, to determine whether drug and gun offenses were properly joined. *Chavis*, 296 F.3d at 458.

Jackson contends that joinder of the gun charges with the drug charges does not satisfy the requirements of Rule 8(a), as set forth in *Chavis*, because the offenses are not of similar character, many of the offenses allegedly occurred on different dates, and there is no allegation in the SI that any of the weapons identified in the SI were used in furtherance of the drug distribution or that they were part of a common scheme or plan. While conceding that several of the drugs and gun charges originate from events occurring on or around October 18, 2017 (*see* Counts 6–8), Jackson insists that the "drugs and firearms were not used in connection with each other rather they were completely separate offenses." (Mot. at 207.) Indeed, beyond the temporal proximity of these three counts, there are no allegations in the SI tying the sale or use of the guns to the drugs.

3

In its response and at the hearing, the government argued that it anticipates that the evidence presented at trial will demonstrate that a confidential informant, working with members of the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), introduced Jackson to undercover agents posing as individuals interested in purchasing narcotics. The evidence will further show, it believes, that the undercover agents communicated with Jackson to discuss narcotics transactions and purchased narcotics from Jackson on multiple occasions. According to the government, during these drug conversations, Jackson broached the subject of selling weapons to the undercover agents and, on October 18, 2017, Jackson sold the agents both drugs and guns.[2] Based on this evidence, the government insists that the drug and gun charges are properly joined as "a common scheme or plan to sell contraband, specifically drugs and guns."[3] (Opp'n at 223; *see id*. at 219–21.)

It is true that Rule 8(a) permits joinder where distinct offenses are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Joinder is allowed under this prong of Rule 8(a) where the offenses "grow out of related transactions[.]" *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996); *see United States v. Jarawa*, 474 F.3d 565, 574 (9th Cir. 2007) (noting that joinder is appropriate where there is "a nexus between the two counts").

---

[2] Jackson maintains that he was entrapped by the government into selling the guns, and that the evidence at trial will bear this out. (Mot. at 207.)

[3] The government does not suggest that the guns identified in the SI were used in connection with or to further the charged narcotics sales, or were otherwise considered "tools of the [drug] trade." *See United States v. Smith*, 656 F. App'x 70, 73 (6th Cir. 2016) (finding joinder of drug distribution and possession of a firearm proper where the "indictment alleges that [defendant's] firearm possession furthered the purpose of [the co-defendants'] distribution scheme over the course of roughly two years"); *see also United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (approving joinder where indictment alleged that drugs were used to finance weapons purchases and defendant was charged with possessing a firearm in connection with narcotics). Further, the government does not indicate that the weapons were found alongside the drugs or as part of the same search. *See, e.g., United States v. McClellan*, No. 93-4084, 38 F.3d 1217 (Table), 1994 WL 589497, at *3-4 (6th Cir. 1994) (finding no misjoinder under Rule 8(a) where indictment charged drug-trafficking and firearm offenses arising out of three separate incidents over a period of one year in which police found drugs and firearms in defendant's car).

For instance, joinder may be appropriate "when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). Sixth Circuit precedent demands, however, that this picture or connection come from the indictment. *Locklear*, 631 F.3d at 369 (finding misjoinder of drug and gun charges, and noting that "[o]ne need look no further than *Chavis*, in which we applied the face-of-the indictment rule to hold that the drug and gun offenses in that case were misjoined under Rule 8(a)"); *see, e.g., United States v. Thompson*, 690 F. App'x 302, 310 (6th Cir. 2017) ("Examining the face of the superseding indictment, there are no allegations that the firearms charges are related to the drug charge and no allegation that they are part of the same scheme.").

The Court finds that the present case represents a close call. From the face of the SI, it is evident that two of the weapons offenses allegedly occurred on or about the same date as one of the drug offenses, and this temporal proximity is consistent with the government's theory that the arms sales grew out of the drug distribution.[4] But the Court must venture past the SI to the government's anticipated case-in-chief to find the necessary link between the two offenses, something it is prohibited in the Sixth Circuit from doing. The government has failed to cite to any governing authority that would permit joinder of two distinct crimes as part of a common scheme or plan based solely on temporal proximity in an indictment, and the Court's research failed to uncover any. *See also United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006) (observing that the Sixth Circuit places "little emphasis on temporal connection" when evaluating joinder).

5

Nor can the Court find from the SI that the crime of unlicensed sale of firearms is the same or similar as possession with intent to distribute narcotics, such that the first prong of Rule 8(a) is satisfied. For two offenses to be the "same or similar," the two classes of offenses must be "substantially similar in character." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002). When assessing whether two offenses meet the "same or similar" prong of Rule 8(a), courts consider several factors, including "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crime and the identity of the victims." *Jawara*, 474 F.3d at 578.

The government suggests that both involve the sale of contraband. The Court finds, however, that such an analysis oversimplifies matters as the elements of the two offenses are different, and there is no indication *from the face of the indictment* that the location and the modus operandi of the sales was the same.[5] *Compare United States v. Weir*, No. 2:12-13-DCR, 2012 WL 5361045, at *1–2 (E.D. Ky. Oct. 30, 2012) (rejecting argument that kidnapping and armed bank robbery were the same or substantially similar simply because both involved violent crimes committed for financial gain) *with United States v. Hatton*, 643 F. App'x 574, 579–80 (6th Cir. 2016) (charges of armed robbery of a bank and armed robbery of a store were substantially similar for purposes of joinder because, according to the language of the indictment, both involved the taking of money by force); *see also United States v. Cartwright*,

---

[4] In fact, as the government indirectly suggests, it would paint an incomplete picture of Jackson's criminal sales activities to not join sales of both types of contraband—drugs and guns—in the same indictment.

[5] Likewise, the SI does not permit a finding that the drug distribution charges are substantially similar to the felon in possession charges. *See Chavis*, 296 F.3d at 458 ("'[t]he unlawful possession of a firearm is . . . an offense wholly distinct from the distribution of narcotics established on proof of elements unique to that offense'") (quoting *United States v. Hubbard*, 61 F.3d 1261, 1270-71 (7th Cir. 1995)).

632 F.2d 1290, 1293 (5th Cir. Unit A 1980) (a count alleging fraudulent misapplication of corporate funds could be properly joined with a count alleging false statements made to lenders because "the offenses [are] crimes of deceit involving federally insured lending institutions").

As to the other factors, the Court notes that, based on the government's theory of the case, it is likely that there will be considerable overlapping evidence. According to the government, the gun and drug transactions on October 18, 2017 took place at the same time and in same location as part of the same transaction and involved the same participants—Jackson and the undercover agents. The text messages leading up to the drug transactions also involved the same participants. Unfortunately for the government, none of these facts can be found in the SI.

Proper joinder promotes the laudable "'goals of trial convenience and judicial efficiency.'" *Hang Le-Thy Tran*, 433 F.3d at 478 (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1993)); *see Chavis*, 296 F.3d at 460 (noting that judicial efficiency is "the predominate consideration in assessing the propriety of joinder"). To require the government to put on two separate trials when the evidence is likely intertwined would not appear to be an effective allocation of time and resources. *See Hang Le-Thy Tran, supra*. But the government chose the language of the superseding indictment. Had it supplied the necessary factual connection between the drug and gun offenses in its charging instrument (or had it further superseded to provide this link), a different result might have been reached. As it currently stands, the SI does not support a finding that the drug and gun charges were properly joined under Rule 8(a), and severance of these counts is mandatory. *See Hatcher*, 680 F.2d at 441.

Accordingly, for all of the foregoing reasons, Jackson's motion to sever is GRANTED. As requested by Jackson, Counts 1–6, 10 and 11, which involve drug violations, are hereby

severed from Counts 7–9 and 12, which involve firearms violations.

**IT IS SO ORDERED**.


Dated: November 7, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**